UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SETH TETTEH,

                Petitioner,                              **DECISION AND ORDER**
                                                                        No. 03-CV-0426(VEB)

  -vs-

JOHN ASHCROFT,

                Respondent.
_____

On or about May 5, 2003, petitioner Seth Tetteh ("Tetteh") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Immigration and Naturalization Service ("INS")[1] pending his removal from the United States of America pursuant to a Final Order of Removal entered June 18, 2002. *See* Petition (Docket No. 1). Tetteh does not contest the underlying removal order but rather asserts that because no country to date has been willing to accept him, there is "no significant likelihood of removal in the reasonably foreseeable future," *Zadvydas v. Davis,* 533 U.S. 678, 701 (2001). Consequently, Tetteh argues, he should be released pending deportation. Because Tetteh asserted a challenge to his administrative custody only, there is no stay of removal in place.

Respondent opposed Tetteh's application for relief, arguing that this Court does not have subject matter jurisdiction over the present case, that Tetteh's petition fails to state a claim upon which relief may be granted, and that Tetteh's continued detention is authorized by statute. *See*

---

[1] The Homeland Security Act of 2002, 116 Stat. 2135; Pub. L. 107-296, codified at 6 U.S.C. § 101 *et seq.*, abolished the INS effective March 1, 2003, and transferred the INS's functions to the Department of Homeland Security ("DHS").  However, the transition and savings provisions of the Homeland Security Act provide that references to the INS in statutes, regulations, directives, or delegations of authority shall be deemed to refer to the appropriate official or component of the DHS. *See* 6 U.S.C. §§ 1512(d), 1517.

Respondent's Memorandum of Law ("Resp't Mem.") (Docket No. 5).

The parties have consented to disposition of this matter by a Magistrate Judge pursuant to 28 U.S.C. § 636(c). *See* Docket No. 6. The case was transferred to the undersigned on December 11, 2006. *See* Docket No. 9.

On April 24, 2007, respondent filed a Notice of Motion to Dismiss and Affidavit (Docket No. 10) indicating that Tetteh was released from administrative detention pursuant to an Order of Supervision. *See* Exhibit A to Docket No. 10.  Consequently, respondent argues, Tetteh's petition for a writ of habeas corpus has been rendered moot. *See* ¶6, Docket No. 10. Respondent therefore requests that Tetteh's petition be dismissed as the relief he requested has already been effected. *See id.*

As a preliminary matter, the Court must address the justiciability question. "'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *accord County of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000); *New York City Employees' Retirement System v. Dole*, 969 F.2d 1430, 1433 (2d Cir. 1992). The concern underlying the mootness doctrine is that "when the challenged conduct ceases such that '"there is no reasonable expectation that the wrong will be repeated,"' *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953), then it becomes impossible for the court to grant '"any effectual relief whatever" to [the] prevailing party,' *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895))." *County of Erie v. Pap's A.M.*, 529 U.S. at 287.  In such case, "any opinion as to the legality of the challenged action would be advisory." *Id.*

Here, by this habeas corpus petition, Tetteh seeks release from administrative detention

by the I.N.S. The petition therefore became moot upon Tetteh's release from longer INS custody.

Accordingly, respondent's motion to dismiss the instant petition (Docket No. 10) on the basis that it is moot and no longer presents a "live" case or controversy is **GRANTED.** Tetteh's petition for a writ of habeas corpus is hereby **DENIED  DISMISSED.** Furthermore, I decline to issue a certificate of appealability because Tetteh has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), and appellate review is therefore not warranted.

    **IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   May 18, 2007
           Buffalo, New York.